UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

XINRONG ZHUANG,
    Plaintiff'

    v.                                                    CIVIL ACTION NO. 14-13076-IT

BRIAN J. BENVIE, JR.,
OFFICER MORENO,
ROBERT E. GRAYSON,
CITY OF BROCKTON,
GOOD SAMARITAN MEDICAL CENTER,
STEWARD HEALTH CARE GROUP,
PEMBROKE HOSPITAL,
WESTWOOD PEMBROKE HEALTH SYSTEM,
    Defendants.

REPORT AND RECOMMENDATION ON
MOTION OF DEFENDANT WESTWOOD PEMBROKE HEALTH SYSTEM
TO DISMISS PLAINTIFF'S COMPLAINT (#43) AND
CORRECTED MOTION OF DEFENDANT WESTWOOD PEMBROKE
HEALTH SYSTEM TO DISMISS PLAINTIFF'S COMPLAINT (#45).

KELLEY, U.S.M.J.

On July 22, 2014, pro se plaintiff Xinrong Zhuang filed a forty-one count complaint against eight defendants. (#1.) One of those defendants, Westwood Pembroke Health System, filed a motion to dismiss the complaint[1] (#43) and then a corrected motion to dismiss. (#45.) The corrected motion has been fully briefed

---

[1] Because the later-filed motion supercedes the earlier motion, it shall be recommended that the initial motion to dismiss be denied as moot.

(##44, 46) and stands ready for decision.

The facts as alleged in the complaint are as follows. On July 23, 2011, Plaintiff, who is disabled, asked his wife to drive him to a friend's party, but she refused. (#1 ¶ 12.) Plaintiff was calling a friend for a ride when he was disturbed by a male and female yelling in front of house. (#1 ¶ 12.) These two individuals left the scene, but then two police officers arrived, knocked on the door and asked Plaintiff to come outside to talk. (#1 ¶ 12.) Plaintiff exited the house as requested and was knocked to the ground and handcuffed behind his back. (#1 ¶ 12.) These actions are said to have caused a back injury to Plaintiff. (#1 ¶ 12.) While being held face down on the ground and handcuffed, Plaintiff told his wife to call a friend to get a lawyer. (#1 ¶ 12.) The police officers moved Plaintiff into the police car and left him there for about an hour in ninety degree heat with all of the doors and windows closed and no air conditioning running before bringing him to the police station. (#1 ¶ 12.) According to Plaintiff, he had to struggle to breathe during this period and fell unconscious from time to time. (#1 ¶ 12.)

Following this general factual background, Plaintiff then alleges specific facts that serve as the basis for his claims against the different defendants. (#1 ¶¶ 13-70.) Although Westwood Pembroke Health System is listed in the caption of the complaint and identified in paragraph 9 of the complaint, there is not a single factual allegation

2

made against this defendant in the body of the complaint. In these circumstances, Plaintiff has failed to state a claim upon which relief can be granted against Westwood Pembroke Health System and his complaint should be dismissed pursuant to Rule 12(b)(6), Fed. R. Civ. P.

For the reasons stated, I RECOMMEND that the Motion Of Defendant Westwood Pembroke Health System To Dismiss Plaintiff's Complaint (#43) be DENIED AS MOOT. I FURTHER RECOMMEND that the Corrected Motion Of Defendant Westwood Pembroke Health System To Dismiss Plaintiff's Complaint (#45) be ALLOWED.

## Review by District Judge

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir.

1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

June 3, 2015

/s/ M. Page Kelley
M. Page Kelley
United States Magistrate Judge