UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

XINRONG ZHUANG,
    Plaintiff,

    v.                                                CIVIL ACTION NO. 14-13076-IT

BRIAN J. BENVIE, JR.,
OFFICER MORENO,
ROBERT E. GRAYSON,
CITY OF BROCKTON,
GOOD SAMARITAN MEDICAL CENTER,
STEWARD HEALTH CARE GROUP,
PEMBROKE HOSPITAL,
    Defendants.

REVISED REPORT AND RECOMMENDATION ON
JOINT MOTION OF THE DEFENDANTS, TAS-CGSMC, INC., STEWART HEALTH CARE SYSTEM, LLC AND UHS OF PEMBROKE, INC. D/B/A PEMBROKE HOSPITAL, TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO POST STATUTORY BOND (#75) AND PLAINTIFF XINRONG ZHUANG'S MOTION TO OPPOSES (SIC) THE JOINT MOTION OF THE SAID DEFENDANTS, THE TAS-CGSMC, INC., STEWART HEALTH CARE SYSTEM, LLC AND UHS OF PEMBROKE, INC., D/B/A PEMBROKE HOSPITAL, AND TO REQUEST THIS COURT DENY DEFENDANTS' REQUEST TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO POST "STATUTORY" BOND, AND REQUEST THIS COURT GRANT TO WAIVE
OR REDUCE THE BOND, AND REQUEST FOR HEARING (#83).

KELLEY, U.S.M.J.

      Pro se plaintiff Xinrong Zhuang's medical malpractice claims were referred to the state medical malpractice tribunal.  On July 10, 2015, the medical malpractice tribunal issued its findings that as to Pembroke Hospital, Stewart Health Care Group and Good Samaritan Medical Center, there was not sufficient evidence to raise a legitimate question as to liability appropriate for judicial inquiry. (##76-1; 76-13 - 76-16; 84-1, Exh. A.) Plaintiff was advised that he could pursue his claims through the judicial process only upon the filing of a bond in the amount of six-thousand dollars

($6,000.00). *Id.* He was also notified that if the bond was not filed within thirty (30) days of the tribunal's finding that the case would be dismissed. *Id.* On October 20, 2015, Judge Giles, the judicial member of the medical malpractice tribunal, denied Plaintiff's request for a reduction of the bond amount because Mr. Zhuang failed to furnish sufficient grounds for such action. (##76-21; 85-1, Exh. A.)

On December 16, 2015, UHS of Pembroke, Inc. d/b/a Pembroke Hospital, Stewart Health Care System, LLC (misnamed in the complaint as Steward Health Care Group) and TAS-CGSMC, Inc. (misnamed in the complaint as Good Samaritan Medical Center) filed a joint motion to dismiss Plaintiff's complaint for failure post the statutory bond. (#75.) Mr. Zhuang opposed Defendants' motion (#77), arguing that some important medical records, specifically an atypical EKG taken at Pembroke Hospital, had been concealed from him.[1] On January 26, 2016, Plaintiff filed a motion to waive or reduce the amount of the statutory bond. (#83.) Defendants UHS of Pembroke, Inc. d/b/a Pembroke Hospital, TAS-CGSMC, Inc., and Stewart Health Care System, LLC have filed oppositions to Mr. Zhuang's motion. (##84, 85.)

At the outset, TAS-CGSMC, Inc., and Stewart Health Care System, LLC challenge the court's jurisdiction to consider the motion to reduce the bond. (#85 at 2.) According to Defendants, only the single justice of the tribunal has the power to rule on a request to lower the amount of the bond. *Id.* Since Judge Giles has already considered and denied such a motion, this court is said to have no jurisdiction to review the issue. Defendants' position is without merit. *See Pallazola v. Rucker*, 602 F. Supp. 459, 464 (D. Mass. 1984); *Rua v. Glodis*, C.A. 10-40251-FDS, #84-2,

---

[1] In fact, Mr. Zhuang presented the EKG he claims was concealed from him to the tribunal in his Offer of Proof. *See* #84-1, Exh. B ¶ 10.

Amended Memorandum and Order on Defendants' Motions to Dismiss submitted as #84-2, Exh. D).

That having been said, Mr. Zhuang has not provided sufficient evidence to establish his indigency.[2] The Massachusetts Supreme Judicial Court has determined that "a judge should follow the standards set out in G.L. c. 261, § 27A, in determining indigency under G.L. c. 231, § 60B." *Perez v. Bay State Ambulance & Hosp. Rental Serv., Inc.*, 413 Mass. 670, 678, 602 N.E.2d 570, 574 (1992) (internal citation omitted). By statutory definition, "indigent" means:

> (a) a person who receives public assistance under aid to families with dependent children, program of emergency aid for elderly and disabled residents or veterans' benefits programs or who receives assistance under Title XVI of the Social Security Act or the medicaid program, 42 U.S.C.A. 1396, et seq.; (b) a person whose income, after taxes, is 125 per cent or less of the current poverty threshold established annually by the Community Services Administration pursuant to section 625 of the Economic Opportunity Act, as amended; or (c) a person who is unable to pay the fees and costs of the proceeding in which he is involved or is unable to do so without depriving himself or his dependents of the necessities of life, including food, shelter and clothing, but an inmate shall not be adjudged indigent pursuant to section 27C unless the inmate has complied with the procedures set forth in section 29 and the court finds that the inmate is incapable of making payments under the plans set forth in said section 29.

Mass. Gen. L. c. 261, § 27A. In his affidavit, Mr. Zhuang baldly states that his income and earning capacity has been diminished to zero for years, but no specifics are provided.[3] (#93 ¶¶ 6-7.) He has not said whether he has income from other sources, owns a house, has checking or savings accounts, stocks, certificates of deposit, or the like. The only other evidence Mr. Zhuang has submitted is a

---

[2] A bond may be reduced, but not waived. *See* Mass. Gen. L. c. 231, § 60B ("Upon motion filed by the plaintiff, and a determination by the court that the plaintiff is indigent said justice may reduce the amount of the bond but may not eliminate the requirement thereof.").

[3] It is noted that Mr. Zhuang filed a $6,000.00 bond in mid-2012 in an earlier medical malpractice case. *See* #24 in 09-CV-12163-NMG.

copy of a letter from Chase rejecting his application for a Visa Platinum credit card because his gross income did not qualify him for the card. (#93-1.) Based on the sum of the information provided, there was no error in finding that he failed to provide sufficient grounds to support a reduction in the bond.

Moreover, even if Mr. Zhuang was indigent, at the medical malpractice tribunal he failed to submit an expert opinion to support his claims that Defendants deviated from the applicable standard of care in treating him. (#84-1, Exh. B ¶¶ 6-7.) "The plaintiff has the burden of proving indigency and compliance with the *Denton* standard." *Rogers v. City of Boston*, 33 Mass. App. Ct. 328, 329, 599 N.E.2d 248, 249 (1992). The *Denton* standard provides that a court should not exercise its discretion to reduce a bond "unless the plaintiff has made a good faith effort to present an offer of proof sufficient to meet the directed verdict standard." *Denton v. Beth Israel Hosp.*, 392 Mass. 277, 281, 465 N.E.2d 779, 782 (1984). "If the judge determines that the offer of proof construed most favorably to the plaintiff, could not support a verdict for the plaintiff, then he or she may refuse to reduce the bond." *Perez v. Bay State Ambulance & Hosp. Rental Serv., Inc.*, 413 Mass. 670, 678, 602 N.E.2d 570, 574 (1992) (internal citations and quotation marks omitted). Plaintiff's request to reduce the bond was properly denied because, in the absence of an expert opinion, his offer of proof failed to support his medical malpractice claims.[4] "It is only in exceptional cases that a jury ... may without the aid of expert medical opinion determine whether the conduct of a physician toward a patient is violative of the special duty which the law imposes." *Delaney v. Russo*, 83 Mass. App. Ct.

---

[4] Mr. Zhuang's medical malpractice claims are not of the type that could be determined by a jury based on common knowledge and experience. *See Forlando v. Hughes*, 344 Mass. 136, 139-40, 471 N.E.2d 1315, 1319 (1984); *Newman v. Caritas Good Samaritan Med. Ctr.*, 83 Mass. App. Ct. 1118, 984 N.E.2d 315 (Table), 2013 WL 944874, at *2 (Mass. App. Ct. Mar. 13, 2013).

1139, 989 N.E.2d 559 (Table), 2013 WL 3283734, at*1 (Mass. App. Ct. July 1, 2013) (internal citations and quotation marks omitted).

The filing of the bond within thirty (30) days of the medical malpractice tribunal finding is statutorily mandated. *See* Mass. Gen. L. c. 231, § 60B ("If a finding is made for the defendant or defendants in the case the plaintiff may pursue the claim through the usual judicial process only upon filing bond in the amount of six thousand dollars in the aggregate secured by cash or its equivalent with the clerk of the court in which the case is pending, payable to the defendant or defendants in the case for costs assessed, including witness and experts fees and attorneys fees if the plaintiff does not prevail in the final judgment."). Failure to file the bond requires dismissal of a plaintiff's claims. *See* Mass. Gen. L. c. 231, § 60B ("If said bond is not posted within thirty days of the tribunal's finding the action shall be dismissed."). Mr. Zhuang was advised of his obligation under the statute. It is undisputed that Plaintiff did not file a bond within the requisite thirty days, and has not filed a bond to date.[5] In these circumstances, his medical malpractice claims should be dismissed.

For all of the reasons stated, I RECOMMEND that the Joint Motion of the Defendants, TAS-CGSMC, Inc., Stewart Health Care System, LLC and UHS of Pembroke, Inc.d/b/a Pembroke Hospital, to Dismiss Plaintiff's Complaint for Failure to Post Statutory Bond (#75) be ALLOWED.

---

[5]

The tribunal made its finding on July 10, 2015. (#84-1, Exh. A.) Pursuant to the statute, the bond should have been filed by August 9, 2015. On October 20, 2015, Judge Giles denied Mr. Zhuang's motion to waive or reduce the bond. (#85-1, Exh. A.) No bond was ever filed after this ruling. Mr. Zhuang did not file his motion to waive or reduce the bond (#83) in the federal court until January 26, 2016, more than a month after the case was transferred back from the tribunal and Defendants had filed their motion to dismiss. Clearly Plaintiff is well outside the 30-day parameter of the statute, even assuming for the sake of argument that the time period to file a bond or seek review of the denial to reduce began to run again either after Judge Giles' ruling in October 2015 or after the case was returned to the federal court on December 10, 2015.

I FURTHER RECOMMEND that Plaintiff Xinrong Zhuang's Motion to Opposes (sic) the Joint Motion of the said Defendants, the TAS-CGSMC, Inc., Stewart Health Care System, LLC and UHS of Pembroke, Inc., d/b/a Pembroke Hospital, and to Request this Court Deny Defendants' Request to Dismiss Plaintiff's Complaint for Failure to Post "Statutory" Bond, and Request this Court Grant to Waive or Reduce the Bond, and Request for Hearing (#83) be DENIED.

## Review by District Judge

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ M. Page Kelley  
M. Page Kelley  
April 6, 2016                                                    United States Magistrate Judge